IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| **DENISE PLOCK, SHELLIE BARTH, DAVID MOURI and MARY TREGLOAN,**<br><br>Plaintiffs,<br><br>vs.<br><br>**BOARD OF EDUCATION OF FREEPORT SCHOOL DISTRICT NO. 145,**<br>Defendant. | Case No. 07 C 50060<br><br>Magistrate Judge<br>P. Michael Mahoney |

## MEMORANDUM OPINION AND ORDER

I. Introduction

    Currently before the court are plaintiffs' Motion for Summary Judgment, defendant's Motion to Postpone Ruling on plaintiffs' Motion for Summary Judgment, defendant's Motion to Strike, and defendant's Motion for Judgment on the Pleadings. Having read the pleadings, the parties' briefs, and the relevant case law, the court grants defendant's Motion for Judgment on the Pleadings as to Count Two, finding that the defendant is entitled to judgment as a matter of law with regard to plaintiffs' Fourth Amendment claim. Because the Fourth Amendment claim was the only claim over which this court had original jurisdiction, the court declines to exercise supplemental jurisdiction over the remaining state law claim. This case is remanded to the Circuit Court of the Fifteenth Judicial Circuit of Illinois pursuant to 28 U.S.C. § 1367(c)(3).

II. Background

    The following narrative is compiled from the pleadings, the uncontested portions of the parties' briefs, and the docket. Plaintiffs are special education teachers who are employed by defendant, Freeport School District 145. Each of the plaintiffs are currently assigned to

"EXCEL" and "Life Skills" classrooms. Recent allegations of abuse taking place within these classrooms led the School District to seek to install audio/visual recording equipment in these classrooms.[1] The audio/visual equipment was to be installed in an open and obvious manner in these classrooms, "where the most vulnerable children, both physically and emotionally challenged, were assigned." Defendant's Motion for Judgment on the Pleadings at 3.

Plaintiffs filed suit in the Circuit Court of the Fifteenth Judicial Circuit of Illinois seeking to enjoin District 145 from carrying out its proposed policy of operating audio recording equipment in its "EXCEL" and "Life Skills" classrooms. Plaintiffs have not raised any challenge to the proposed video recording of the subject classrooms, having focused their entire challenge against the audio component of the School District's proposed audio/visual monitoring policy. Plaintiffs contend that the proposed audio recording is improper for two reasons. First, plaintiffs claim that any audio recording of the classrooms will violate their Fourth Amendment right to be free from unreasonable searches and seizures. Second, plaintiffs claim that the proposed audio recordings will violate the Illinois Eavesdropping Act, 720 ILCS 5/14-2(a)(1). Based on these objections to the proposed audio recording, plaintiffs filed a Motion for a Temporary Restraining Order or Preliminary Injunction to prevent audio recording from taking place in the subject classrooms.[2]

Because the federal court has original jurisdiction over the plaintiffs' Fourth Amendment claim, defendant removed the case to the United States District Court for the Northern District of

---

[1] The parties contest whether any abuse actually took place, though the fact that abuse was alleged is not contested. There is no suggestion that the allegations of abuse were directed at any of the named plaintiffs.

[2] To date, the court has authorized the activation of the video cameras with the condition that the camera's audio capabilities may not be activated. *See* docket entries 10, 50.

Illinois. *See* 28 U.S.C. 1441; 28 U.S.C. § 1331. On August 14, 2007, defendant filed the Motion for Judgment on the Pleadings, which is the subject of this order. The case was assigned to the Magistrate Judge on September 26, 2007, pursuant to the consent of both parties.

III. Analysis

In ruling on a motion for judgment on the pleadings the court will take all well-pleaded allegations in the plaintiffs' pleadings to be true and view the facts and inferences to be drawn from those allegations in the light most favorable to the plaintiffs. *Alexander v. City of Chicago*, 994 F.2d 333, 335-36 (7th Cir. 1993). Resolution of a case pursuant to Rule 12(c) is appropriate "only when it appears beyond a doubt that plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved." *Bannon v. University of Chicago*, 503 F.3d 623, 628 (7th Cir. 2007).

The Fourth Amendment provides in relevant part that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." U.S. Const. amend. IV. The Supreme Court has held that a search occurs "when an expectation of privacy that society is prepared to consider reasonable is infringed." *United States v. Jacobsen*, 466 U.S. 109, 113, 104 S.Ct. 1652, 1656, 80 L.Ed.2d 85 (1984); *see also Katz v. United States,* 389 U.S. 347, 361, 88 S.Ct. 507, 516, 19 L.Ed.2d 576 (1967). Thus, the threshold question in this case is whether society is willing to recognize plaintiffs' subjective expectations of privacy in their classrooms as objectively reasonable. *Smith v. Maryland*, 442 U.S. 735, 740, 99 S.Ct. 2577, 2580, 61 L.Ed.2d 220 (1979); *Katz*, 389 U.S. at 361.

The Supreme Court has held that "some government offices may be so open to fellow employees or the public that no expectation of privacy is reasonable." *O'Connor v. Ortega*, 480

3

U.S. 709, 717-18, 107 S.Ct. 1492, 1498, 94 L.Ed.2d 714 (1987).

> Public employees' expectations of privacy in their offices . . . may be reduced by virtue of actual office practices and procedures, or by legitimate regulation. The employee's expectation of privacy must be assessed in the context of the employment relation. . . . Simply put, it is the nature of government offices that others– such as fellow employees, supervisors, consensual visitors, and the general public– may have frequent access to an individual's office. . . . Given the great variety of work environments in the public sector, the question whether an employee has a reasonable expectation of privacy must be addressed on a case-by-case basis.

*Id*.

In making this case-by-case determination, it becomes critically important whether the area to be searched was given over to the employee's exclusive use or whether the area was shared by others. If the area searched has been given over to an employee's exclusive use, the court is likely to uphold that employee's expectation of privacy as objectively reasonable. *See, e.g., United Stated v. Taketa*, 923 F.2d 665, 671 (9th Cir. 1991) (reasonable expectation of privacy found in DEA office reserved for employee's exclusive use); *Thompson v. Johnson County Community College*, 930 F.Supp. 501, 507 (D. Kan. 1996) (no reasonable expectation of privacy in locker area used by security personnel of community college because area video taped was not reserved for the exclusive use of security personnel); *Goodwin v. Moyer*, No. 3 C 05781, 2006 WL 839342 (M.D. Pa. 2006) (no reasonable expectation of privacy for public school's bus driver subjected to video monitoring on school bus); *Brannen v. Kings Local School Dist.*, 144 Ohio App.3d 620, 629-30, 761 N.E.2d 84 (12th Dist. 2001) (no reasonable expectation of privacy in public school's break room used by third shift custodians because teachers and principal also had "unfettered access" to break room); *State v. McLellan*, 144 N.H. 602, 604-05, 744 A.2d 611 (N.H. 1999) (no reasonable expectation of privacy by janitor in public school classroom because classroom was open to students and school staff and was not janitor's

4

"personal space," even though he was the only one who had access to the classroom during the time when the video camera was set to record).

In this case, the court recognizes that the typical classroom may also contain a teacher's personal office space. Portions of that office space such as a teacher's desk and locked file cabinets could conceivably be reserved for the teacher's exclusive use, giving rise to an expectation of privacy which society is willing to recognize as reasonable. *See, e.g., O'Connor*, 480 U.S. at 718 (finding doctor at a state hospital had reasonable expectation of privacy in his desk and file cabinets). However, an entire classroom in a public school building is not reserved for the teacher's exclusive, private use. Rather, classrooms are open to students, other faculty, administrators, substitute teachers, custodians, and on occasion, parents.

What is said and done in a public classroom is not merely liable to being overheard and repeated, but is likely to be overheard and repeated. *See, e.g., Evens v. The Superior Court of Los Angeles County*, 77 Cal.App.4th 320, 325 (2d Dist 1999) (finding teacher's expectations that her communications would be confined to the classroom unreasonable, that such communications "will virtually never be confined to the classroom," and that students "will, and usually do, discuss a teacher's communications and activities with their parents, other students, other teachers, and administrators."). A classroom in a public school is not the private property of any teacher. A classroom is a public space in which government employees communicate with members of the public. There is nothing private about communications which take place in such a setting. Any expectations of privacy concerning communications taking place in special education classrooms such as those subject to the proposed audio monitoring in this case are inherently unreasonable and beyond the protection of the Fourth Amendment.

Viewing the facts in a light most favorable to the Plaintiffs, the court concludes that the

5

plaintiff school teachers do not have an expectation of privacy in their classrooms which society is willing to recognize as reasonable. Defendant's Motion for Judgment on the Pleadings is granted with respect to Plaintiffs' Fourth Amendment claim.

Because the single federal claim is dismissed, the court will not reach the remaining state law claim under the Illinois Eavesdropping Act. *See Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999) ("[I]t is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."). This case is remanded to the Circuit Court of the Fifteenth Judicial Circuit of Illinois pursuant to 28 U.S.C. § 1367(c)(3). All pending motions are mooted and the federal case is terminated.

ENTER: _____
P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

DATE: December 18, 2007